**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| M. H. YACHT SALES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. CV403-115 |
| vs. ) | |
| ) | |
| PALMER JOHNSON SAVANNAH, LLC, ) | |
| ) | |
| Defendant. ) | |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Plaintiff filed suit in the District Court against Palmer Johnson Savannah, LLC, seeking injunctive relief and a declaration of Defendant's contractual obligations under Plaintiff's yacht completion contract (hereinafter "completion contract") with Palmer Johnson Savannah, Inc. (now known as Savannah Yacht Corp.; hereinafter "PJS, Inc."), which assigned said contract to Defendant. Defendant filed a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(7). Because this action seeks merely to declare the obligations of Defendant alone and does not involve any interest of PJS, Inc., PJS, Inc. is neither a necessary nor an indispensable party to this action and Defendant's Motion should be denied.

### INTRODUCTION

Rule 19 (a) states that a party should be joined, if feasible:

> If (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of

the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed.R.Civ.P. 19(a).

If joining the party would render the court unable to adjudicate the action because of lack of diversity, or, as in the instant case, because the party to be joined is under the jurisdiction of the Bankruptcy Court, the court must consider, under Rule 19(b):

> Whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for non-joinder.

Fed.R.Civ.P. 19(b).

PJS, Inc. is not a party that should be joined Rule 19(a) because proceeding with this suit in its absence will not result in incomplete relief among the parties presently involved, and cannot harm any interest of PJS, Inc., or result in multiple obligations on the part of any party. Furthermore, even if the court deems PJS, Inc. to be a party to be joined if feasible, it is not a party that is indispensable to the case requiring

dismissal in its absence because of the extreme and undue burden that such an action would place on Plaintiff, and the lack of prejudice to either Defendant or PJS, Inc. for failure to join.

**ARGUMENT AND CITATION OF AUTHORITY**

A. **Palmer Johnson Savannah, Inc. is not a necessary party to this action that should be joined if feasible.**

PJS, Inc. is not a party that should be joined if feasible under Rule 19. The absence of PJS, Inc. will not prevent complete relief between Plaintiff and Defendant, will not impair any interest of PJS, Inc. and will not subject any of the parties to multiple or inconsistent obligations.

(1) **Complete relief can be accorded to the parties in this action in the absence of PJS, Inc.**

Contrary to Plaintiff's assertion, the Court will not declare, by implication or otherwise, the rights of PJS, Inc. in determining the obligations of Defendant in this case. Plaintiff here seeks injunctive relief to protect its substantial interest from further harm, and a declaration of the obligations of Defendant with regard to the completion contract. However, Defendant has pointed to no authority for the proposition that an assignor of rights or obligations is either necessary or indispensable to an action. In fact, the general rule is that an assignor is not a necessary party unless it retained some interest in the rights or obligations in dispute. See Hallman v. Safeway Stores, Inc., 368 F.2d 400, 403 (5th Cir. 1966) (assignor

3

has no interest in suit on assigned contract), see also Overseas Dev. Disc Corp. v. Sangamo Const. Co., Inc., 686 F.2d 498, 505 (7th Cir. 1982) (assignor of valid assignment not indispensable or necessary under Rule 19).

PJS, Inc. has claimed no retained rights following the assignment, and Defendant has not established the assignment was invalid. The plain language of the Purchase Agreement and the subsequent Assignment and Assumption Agreement between PJS, Inc. and Defendant is evidence that that assignment of obligations and liabilities was valid. Defendant's naked assertion that the assignment was invalid is not sufficient to make PJS, Inc. a necessary party in light of the language of the Purchase Agreement and the fact that the suit merely seeks to determine Defendant's obligations.

Even if Defendant were to legitimately raise the issue of the validity of the assignment of obligations, this suit does not implicate any rights of PJS, Inc. A decision that deemed Defendant free of contractual obligations would in no way result in harm PJS, Inc. because that party was not a party to this action for purposes of *res judicata* or collateral estoppel and therefore a decision in this case will not bind PJS, Inc. It is important to note that PJS, Inc. has not sought to intervene in the present action. See Fed.R.Civ.P. 24 (permitting absentees to intervene). Furthermore, it is possible, if necessary, to construe the terms of a contract where one party to that contract is not involved in the suit. See, e.g., Gen. Forms, Inc. v.

Con'l. Cas. Co., 123 Ga. App. 52, 54 (1970) (allowing affidavit evidence of general manager of non-party company for purposes of contract interpretation). Because this suit is solely against Defendant and not PJS, Inc., does not implicate PJS, Inc. in any way, is not binding on PJS, Inc., and does not require the participation of PJS, Inc. for its outcome, complete relief can be achieved, if this court deems it proper, between Plaintiff and Defendant on the requested injunctive relief and declaration of obligations under contract.

(2) **This action does not impede PJS, Inc. from preserving its interest in any matter and will not subject any party to multiple or inconsistent obligations.**

Defendant alleges that failure to join PJS, Inc. in this suit would impede that party's ability to protect its interest in issues related to this suit[1] and would leave Defendant subject to multiple or inconsistent obligations. Both of these assertions are necessarily false under the doctrines of res judicata and collateral estoppel.

(i) **This action does not impair or impede PJS, Inc. from protecting its interests because it is not bound by any decision rendered in its absence.**

The only "interest" related to this case that PJS, Inc. could potentially assert would be its lack of obligation under

---

[1] The Plaintiff is uncertain what standing the Defendant has to even raise this issue if the two companies are separate and unrelated.

the original completion contract with Plaintiff. However, contrary to Defendant's claims, adjudication of this suit in the absence of PJS, Inc. will not be binding on PJS, Inc. or be otherwise detrimental to their interest in any way. As noted, the sole purpose of this suit is for injunctive relief and a declaration of the obligations of the Defendant. Plaintiff does not seek any declaration with regard to PJS, Inc., and since PJS, Inc. is not a party to this case no decision here will subject PJS, Inc. to any finding of liability under the doctrine of "offensive" collateral estoppel. See <u>Blonder-Tongue Labs., Inc., v. Univ. of Ill. Found.</u>, 402 U.S. 313, 329 (1971) (offensive collateral estoppel requires that party against which estoppel is asserted have litigated issue in prior trial).

> (ii) <u>This case does not leave Defendant Palmer Johnson Savannah, LLC, subject to incurring double, multiple, or otherwise inconsistent obligations</u>.

Defendant will also not be subject to multiple or inconsistent obligations, as asserted by Defendant. If the Court finds that the Defendant is not responsible for completing the vessel, Defendant can never be subject to obligation to Plaintiff under the completion contract. In the hypothetical situation described by Defendant in its Motion to Dismiss and Supporting Memorandum of law, Defendant asserts that PJS, Inc. could bring suit asserting liability of Defendant, and thus result in an inconsistent obligation. However, since Plaintiff would be

6

estopped from asserting liability against Defendant if it lost this case, such a situation would never arise. If Plaintiff is unsuccessful here and later asserted a successful claim against PJS, Inc. in the Bankruptcy court, Defendant would be protected from a suit brought by PJS, Inc. of the doctrine of collateral estoppel. Defendant would be entitled to use the prior judgment defensively to protect itself against a suit brought by PJS, Inc. since the issue would have already been adjudicated. Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326-333 (1979) (discarding common-law requirement of mutuality of parties to protect litigants from burden of re-litigating issues and to promote judicial economy); see also Precision Air Parts, Inc. v. Avco Corp., 736 F.2d 1499, 1501 (11th Cir. 1984) (defensive collateral estoppel allowed where issue at stake is identical to the one involved in the prior litigation, the issue has been actually litigated in the prior litigation, and the determination of the issue in the prior litigation has been a critical and necessary part of the judgment in that earlier action); CSX Transp., Inc. v. Bhd. of Maint. of Way Employees, 327 F.3d 1309, 1316 (11th Cir. 2003) (federal collateral estoppel principles apply to prior federal decisions, whether previously decided in diversity or federal question jurisdiction).

Plaintiff seeks no relief against PJS, Inc. and therefore complete relief can be achieved between the parties already in the case. Furthermore, this case in no way prejudices the rights of PJS, Inc. to protect any interest, and simply cannot subject

Defendant to multiple or inconsistent obligations. Therefore, PJS, Inc. is not a necessary party under Rule 19 (a), and therefore the court need not address whether PJS, Inc. is indispensable under Rule 19 (b) in order to properly deny Defendant's Motion to Dismiss. Fed.R.Civ.P. 19.

**B. Even if PJS, Inc. is deemed a necessary party, it is not indispensable.**

Even if the Court determines that PJS, Inc. is a necessary party, it is not an indispensable party and the court should allow the action to continue in its absence. When a party is found to be a necessary party under Rule 19 (a), the court must then decide if the action can proceed, "in equity and good conscience," between the parties already involved in the suit if the missing party cannot be joined. Fed.R.Civ.P. 19 (b). Courts consider, in determining whether a party is indispensable, the following factors: (1) to what extent a judgment might be prejudicial to the absent party or to the parties already in the suit; (2) the extent to which a judgment might be tailored by the court to prevent any prejudice; (3) whether recovery in the party's absence will be adequate; and (4) whether there exists an adequate remedy if the action is dismissed. Id. Rather than applying these considerations mechanically, courts use them as a guide to determining whether, under the issues of each particular case, equity and good conscience allow the case to continue, and the considerations function as a guide. Provident Tradesmen's

Bank & Trust Co. v. Patterson, 390 U.S. 102, 118-19 (1968); see, also, Tick v. Cohen, 787 F.2d 1490, 1494 (11th Cir. 1986)(court should examine situation pragmatically).

Allowing the suit to proceed would not prejudice either PJS, Inc., or any of the parties presently before the court. Because of this, the court need not consider preventative measures to prevent such prejudice. Furthermore, Plaintiff's remedy, if the court deems any appropriate, will be complete despite the absence of PJS, Inc. Finally, Plaintiff does not have an adequate alternate remedy if the decision is dismissed, and dismissal will result in an extreme and undue burden, and potentially irreparable harm to Plaintiff's interest.

First, as noted above, there will be no prejudice to either the parties involved or PJS, Inc. if the action is allowed to proceed with the parties presently before the court. In fact, if PJS, Inc. were joined, both PJS, Inc. and Plaintiff would assert the liability of Defendant, rather than only the Plaintiff in the present case. Thus, it is to the Defendant's advantage not to have PJS, Inc. a party to the case. Defendant will have ample opportunity to present its own theories and evidence that it is not liable to Plaintiff under the Purchase Agreement, and the ability to present such evidence is not in any way dependent on or affected by the presence or absence of PJS, Inc. Similarly, if Plaintiff is unsuccessful in this action and later brings suit against PJS, Inc., it will be free to present its theories and evidence of non-liability, and would not be bound by any decision

made in the case at bar to which it is not a party. Further, collateral estoppel prevents any other prejudice or danger of multiple or inconsistent obligations. At the conclusion of this action, the case would be at an end. Plaintiff would be estopped from using any judgment against PJS, Inc. under the theory of offensive collateral estoppel. *See infra* § (A)(2)(ii) (discussing requirements for use of offensive collateral estoppel). If Defendant prevails and Plaintiff sues PJS, Inc. in Bankruptcy Court, Defendant could use the prior judgment as a shield to defend itself from liability. *See* Parklane Hosiery Co., *supra*. Therefore, there is no threat of prejudice against Defendant or PJS, Inc. In reality, the only party that faces any possible harm by allowing this action to proceed in the absence of PJS, Inc. is the Plaintiff, since it is possible that in separate actions, neither party would be found liable under the contract. While this might result in inconsistent verdicts for Plaintiff, this is not the same as inconsistent obligations as noted in Rule 19. Since there is no risk of prejudice to either Defendant or PJS, Inc., the court need not contemplate the possibility of tailoring a verdict to reduce any prejudice.

Next, as stated above, any judgment entered in this case will be adequate. Plaintiff seeks first and foremost injunctive relief to protect its property, currently in the possession of Defendant, from harm, as well as a declaration that Defendant is obligated to perform under the completion contract, which it denies. Plaintiff believes that under the terms of the

10

completion contract, Defendant must perform its contractual duties, and that its property is in danger of damage if injunctive relief is not granted. Therefore, judgment in this case will be adequate as to the issues in contention between Plaintiff and Defendant, and delay in bringing this case as a result of dismissal will lead to a much less adequate remedy even if Plaintiff ultimately prevails in another forum.

Finally, no satisfactory alternative forum exists in which Plaintiff can bring this action. Defendant has suggested that this case could be dismissed and brought in the Bankruptcy court as an adversarial action involving Plaintiff, Defendant, and PJS, Inc. Such an action, however, would be highly prejudicial to Plaintiff and would constitute an undue burden against Plaintiff's interests because of unreasonable delay. If the case continues with the parties before the Court, Plaintiff can obtain relief in a reasonable time. If, however, this Court requires dismissal and re-filing in the Bankruptcy Court, any action could not commence until the bankruptcy proceedings of PJS, Inc. are adjudicated and an order of relief against PJS, Inc. is entered in that Court. On July 30, 2003, Judge Lamar Davis entered a scheduling Order in the involuntary bankruptcy case that gives the parties until November 30, 2003 to complete discovery, and sets the pretrial conference for sometime in January of 2004. During this time, Plaintiff will have no legal remedy to protect its interest in the yacht currently in possession of Defendant from damage and deterioration, and resumption of construction

11

work would likewise be delayed. Both of these are highly prejudicial and harmful to Plaintiff, especially in light of the fact that Plaintiff's rights with regard to Defendant can be adjudicated in the instant case without prejudice to either Plaintiff, Defendant, or PJS, Inc. After considering the various factors for determining whether this action should proceed under Rule 19 (b), this court should, in equity and good conscience, allow the action to proceed in the absence of PJS, Inc., even if it finds PJS, Inc. to be a necessary party.

## CONCLUSION

Our system of justice places great discretion in the Plaintiff to structure the litigation. The Plaintiff has the discretion whether, and to what extent, to use the permissive joinder provisions of Fed.R.Civ.P. 20 to join multiple parties in the suit. See 4 Moore's Federal Practice, § 19.02 (Matthew Bender 3d Ed.). This discretion is tempered by Rule 19, compulsory joinder. Rule 19 is an exception to the general policy of allowing the Plaintiff to decide who should be parties to the lawsuit.

Palmer Johnson Savannah, Inc. is neither a necessary nor an indispensable party under Rule 19 of the Federal Rules of Civil Procedure, and thus Defendant's Motion for Dismissal under Rule 12(b)(7) should be denied. First, complete relief can be granted between the two parties currently before the Court regarding the basis of Plaintiff's suit, and because of the principles of

collateral estoppel, there is no possibility that the interests of PJS, Inc. would be impaired in any way or that Defendant would be subject to multiple obligations. Next, even if the court deems PJS, Inc. a necessary party, the court should determine in equity and good conscience that the trial can proceed, since there is no chance of prejudice against any party, complete remedy can be granted to those already involved, and there is no adequate alternative remedy if this case is dismissed. Therefore, in order to avoid extreme prejudice and an undue burden on the Plaintiff, with no harm or prejudice to either Defendant or PJS, Inc., the Court should allow this action to proceed.

RESPECTFULLY SUBMITTED THIS 1ST DAY OF AUGUST, 2003.

BOUHAN, WILLIAMS & LEVY LLP

_____
FRANK W. SEILER
GEORGIA STATE BAR NO. 634800
CARLTON E. JOYCE
GEORGIA STATE BAR NO. 405515
*Attorneys For Plaintiff*

Post Office Box 2139
Savannah, GA  31401-2139
912-236-2491

CERTIFICATE OF SERVICE

I, CARLTON E. JOYCE, do hereby certify that I have this day served all counsel of record in the foregoing matter with a copy of the foregoing pleadings by placing a copy of the same in the United States Mail with adequate First Class postage thereon, addressed as follows:

>Paul W. Painter, Jr., Esq.
>Ellis Painter Ratterree & Bart, LLP
>Post Office Box 9946
>Savannah, GA  31412

THIS 1ST DAY OF AUGUST, 2003.

>BOUHAN, WILLIAMS & LEVY
>
>_____
>CARLTON E. JOYCE
>STATE BAR NUMBER 405515

Post Office Box 2139
Savannah, GA  31402-2139
912-236-2491

```
CASE:     3:01-cv-00017
DOCUMENT: 70
DATE:     08/01/03

CLERK:    kts
```

ORIGINAL

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2003 AUG -1  PH 3: 16

CLERK_____
SO. DIST OF GA.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| JUSTINE WORTHEN, as guardian of, HUBERT TAZE WORTHEN, and as Administrator of the Estate of ERICKA J. WORTHEN<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY<br><br>Defendant. | Case No. CV 301-017 |

### ORDER

Plaintiff is HEREBY ORDERED to produce for the Court a description of the tests used on each run of a Ford Explorer in Doc. 42, ex. AA & JJ by 3:00 p.m. on Wednesday, August 6, 2003. The plaintiff shall designate each run by the number provided on the videotape, then tell the Court whether the test being performed in that run is the Consumers Union Short Course test, the Emergency Avoidance Maneuver test, the J-turn test, or the Fishhook maneuver.

So Ordered,

_____
John F. Nangle
UNITED STATES DISTRICT JUDGE

Dated: 8-1-03

70

UNITED STATES DISTRICT COURT
Southern District of Georgia

Case Number:   3:01-cv-00017
Date Served:   August 1, 2003
Served By: _Kaelu Stephen_

Attorneys Served:

  Billy N. Jones, Esq.
  G. Brinson Williams Jr., Esq.
  Bobby T. Jones, Esq.
  Julian B. Smith Jr., Esq.
  Charles K. Reed, Esq.
  F. Faison Middleton IV, Esq.
  Jeremy M. Moeser, Esq.
  Lee Allen Mickus, Esq.
  Arnold C. Young, Esq.
  Gregory L. Schuck, Esq.
  D. Alan Thomas, Esq.

✓ Copy placed in Minutes

___ Copy given to Judge

✓ Copy given to Magistrate